**MARK D. RUTTER – State Bar No. 058194**
**DANIELLE C. FOSTER – State Bar No. 281385**
**CARPENTER, ROTHANS & DUMONT**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA 90071**
**(213) 228-0400 / (213) 228-0401 (fax)**
**mrutter@crdlaw.com / dfoster@crdlaw.com**
Attorneys for Defendants City of Seal Beach, a public agency,
Corporal Brian Gray, and Todd DeVoe, public employees

**GABRIEL H. AVINA – State Bar No. 216099**
**LAW OFFICES OF GABRIEL H. AVINA**
**3781 Cimarron Street**
**Los Angeles, CA 90018**
**(323) 299-1664 / (323) 315-5227 (fax)**
**gabriel@avinalaw.com**
Attorney for Plaintiff William L. McGrann

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William L. McGrann | Case No.: SA CV17-941-VBF-RAOx |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER**[1] |
| CITY OF SEAL BEACH, JOE STILINOVICH CHIEF, individually, as a peace officer, and a final policymaker, BRIAN GRAY#365, individually and as a peace officer, TODD DEVOE#333, individually and as a police employee, DOES 1-10, inclusive, | |
| Defendants. | Hon. Rozella A. Oliver U.S. Magistrate Judge |

IT IS HEREBY STIPULATED by and among the parties hereto, through their respective counsel of record as follows:

///

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1
STIPULATED PROTECTIVE ORDER

A.  **Purpose**

This civil litigation is based, in part, on allegations that Plaintiff William McGrann was falsely arrested by the Seal Beach Police Department on July 9, 2012, and thereafter maliciously prosecuted for violating various provisions of the California Penal Code, in People v. William McGrann, Orange County Superior Court Case No. 13WM04856.  Throughout the course of the criminal case in People v. William McGrann, Mr. McGrann's criminal defense attorney sought discovery of confidential personnel records of Seal Beach Police Department Officer Brian Gray and Emergency Services Coordinator Todd DeVoe, through the procedures established under California Penal Code § 1054, et seq., or what is commonly referred to as Pitchess motions.  After in camera reviews were conducted, the criminal court judge ordered the Seal Beach Police Department to make three separate productions of the following confidential records and information:

1. Seal Beach Police Department Internal Affairs Investigation No. 12-4 (Bates Stamp Nos. SBPD 001 – SBPD 093);
2. City of Seal Beach Notice of Intent to Terminate dated November 13, 2013 (Bates Stamp Nos. PLTF 000255 – PLTF 000266), which was redacted by the criminal court; and
3. The information contained within a letter addressed to Jared Stephenson dated September 18, 2014 (Bates Stamp No. PLTF 000267).

These confidential documents were produced pursuant to protective orders issued by the criminal court, which provided that the documents could only be used for the defense in People v. William McGrann.  Because these confidential documents have relevance to the instant civil litigation, the parties now seek and hereby stipulate to have these documents (hereinafter collectively referred to as "Protected Documents") protected by the instant Stipulated Protective Order.

**B.**   **Good Cause Statement**

The Protected Documents warrant special protection from public disclosure and from use for any purpose other than prosecution of this action. Specifically, the Protected Documents are confidential personnel records protected by the right to privacy under the California and U.S. Constitutions, the official information privilege, the deliberative process privilege, the law enforcement privilege, as well as California Evidence Code §§ 1043 through 1045 and California Penal Code § 832.5, et seq. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

**C.**   **Scope**

The protections conferred by this Stipulated Protective Order cover not only the Protected Documents, but also: (1) any information copied or extracted from the Protected Documents; (2) all copies, excerpts, summaries, or compilations of the Protected Documents; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal the information contained in the Protected Documents. Any use of the Protected Documents at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of the Protected Documents at trial.

**D.**   **Designating Protected Documents**

The Protected Documents covered by this Stipulated Protective Order have been clearly designated and bear the notation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the bottom of each page.

///

## E. Access To And Use Of Protected Documents

The Protected Documents may only be used for purposes of prosecuting, defending, or attempting to settle this civil action. The Protected Documents and all information contained therein, may only be disclosed to the following persons:

1. Counsel of record for the parties to this civil litigation;

2. Paralegal, clerical, and secretarial personnel regularly employed by counsel of record for the parties to this civil litigation;

3. Investigators, expert witnesses, and other persons legitimately involved in litigation-related activities for the counsel of record for the parties to this civil litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4. Plaintiff William McGrann and Defendant City of Seal Beach and its employees, including, but not limited to Officer Brian Gray and Todd DeVoe;

5. The court and its personnel;

6. Court reporters and their staff;

7. During their depositions, witnesses, and attorneys for witnesses to whom disclosure is reasonably necessary provided: (a) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form (Exhibit A); and (b) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" form (Exhibit A), unless otherwise agreed by the parties or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal the Protected Documents, or any information contained therein, may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

8. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties.

///

## F. Protected Documents Subpoenaed Or Ordered Produced In Other Litigation

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of the Protected Documents, that party must: (1) promptly notify in writing the City of Seal Beach and include a copy of the subpoena or court order; (2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order and include a copy of this Stipulated Protective Order; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the City of Seal Beach whose Protected Documents may be affected.

If the City of Seal Beach timely seeks a protective order, the party served with the subpoena or court order shall not produce the Protected Documents, or any information contained therein, before a determination by the court from which the subpoena or order issued, unless the party has obtained the City of Seal Beach's permission. The City of Seal Beach shall bear the burden and expense of seeking protection in that court of its Protected Documents and nothing in this Stipulated Protective Order should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.

## G. Unauthorized Disclosure Of Protected Documents

If plaintiff learns that, by inadvertence or otherwise, he has disclosed the Protected Documents to any person or in any circumstance not authorized under this Stipulated Protective Order, plaintiff must immediately: (1) notify in writing the City of Seal Beach of the unauthorized disclosures; (2) use his best efforts to retrieve all unauthorized copies of the Protected Documents; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

A.

H. **<u>Acknowledgment of Procedure For Filing Under Seal</u>**

The parties acknowledge that this Stipulated Protective Order does not entitle them to file the Protected Documents under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1176 (9th Cir. 2006); <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002); <u>Makar-Welbon v. Sony Electrics, Inc.</u>, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing). A specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to the Protected Documents a party seeks to file under seal.

The parties' mere designation of the Protected Documents as "CONFIDENTIAL" does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**I.** **Duration And Trial**

Once this case proceeds to trial, if the Protected Documents are used or introduced as exhibits at trial, they will become public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.

**J.** **Miscellaneous**

1. Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3. The parties stipulate to the authenticity of the Protected Documents, but do not stipulate to their admissibility.

**K.** **<u>Final Disposition</u>**

After the final disposition of this action, within 60 days of a written request by the City of Seal Beach, the plaintiff must return all Protected Documents to the City of Seal Beach or destroy such material. As used in this subdivision, "all Protected Documents" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Documents. Whether the Protected Documents are returned or destroyed, the plaintiff must submit a written certification to the City of Seal Beach by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Documents that were returned or destroyed; and (2) affirms that the plaintiff has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Documents.

**L.** **<u>Violation</u>**

Any violation of this Stipulated Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED.

DATED: November 9, 2018          CARPENTER, ROTHANS & DUMONT

                                      /s/ Danielle Foster
                          By: _____
                              MARK D. RUTTER
                              DANIELLE C. FOSTER
                              Attorneys for Defendants

DATED: November 9, 2018          LAW OFFICES OF GABRIEL H. AVINA

                                      /s/ Gabriel Avina
                          By: _____
                              GABRIEL H. AVINA
                              Attorney for Plaintiff

**Local Rule 5-4.3.4**

All signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

ON GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 13, 2018  _____
HONORABLE ROZELLA A. OLIVER
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of <u>William McGrann v. City of Seal Beach, et al.</u>, case no.: SA CV17-941-VBF-RAOx.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____